IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TILLMAN NORTH, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 07-0162-WS-C |
| WALDEN SCOTTS, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Escambia County Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1]  It is recommended that the complaint filed on March 15, 2007 (Doc. 4) be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim upon which relief can be granted.

**I. Complaint (Doc. 4).**

Plaintiff's complaints filed on March 15, 2007 (Doc. 4) and on April 9, 2007 (Doc. 6) supersede the original complaint filed in this action.  (Doc. 3)  In screening plaintiff's

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as plaintiff's motion to proceed without prepayment of fees (Doc. 2), to the Magistrate Judges for hearing and determination.  Intertwined with the consideration of plaintiff's motion is the screening of plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B).

complaints (Docs. 4 & 6), the undersigned finds that plaintiff's complaint at document 4 is due to be dismissed for the reason discussed below, and that the complaint at document 6 will proceed in this action and will not be discussed further in this report and recommendation.

Plaintiff's complaint at document 4 identifies Officer Walden Scotts as the sole defendant to this complaint. Plaintiff alleges that on or about January, 2004, in Atmore, Alabama, after he had been stopped by defendant Scotts and had gotten out of his car, defendant Scotts used excessive force against him while he was in handcuffs, which resulted in a fracture. When plaintiff was taken to the hospital, he was beaten again, and afterwards he was dragged to the car, and later beaten at the jail while officials laughed. For relief, plaintiff requests $27 million in punitive, mental, and physical damages.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court has reviewed plaintiff's complaint (Doc.4) under 28 U.S.C. § 1915(e)(2)(B).[2] Under 28 U.S.C. § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from

---

[2]The predecessor to this section was 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.* Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

**III.  Discussion.**

Plaintiff alleges that the incident forming the basis of his claim occurred in January, 2004. The complaint commencing this § 1983 action, however, was filed on March 2, 2007. (Doc. 1)

In Alabama the statute of limitations for a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). The statute of limitations

"'does not begin to run until the facts which would support a

> cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board,* 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. *Calhoun,* 705 F.2d at 424; *Rubin,* 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

*Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, plaintiff knew of his claims at the time the force was used against him, which was within the 24-hour period to which he refers. Nevertheless, plaintiff filed the present action on March 2, 2007 (Doc. 1), which is beyond two years after his claims accrued. Accordingly, the complaint at document 4 is barred by the two-year statute of limitations. For this reason, the complaint at Document 4 is due to be dismissed for failure to state a claim upon which relief can be granted. *Bock,* ___ U.S. at ___, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); *cf. Clark v. Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense would defeat a claim, such as the statute of limitations, the claim may be dismissed as frivolous).

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that the complaint filed on

March 15, 2007 (Doc. 4) be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for failure to state a claim upon which relief can be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 17th day of April, 2007.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND**

## **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE
