# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TILLMAN NORTH, # 252941,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION 07-0162-WS-C |
| **SCOTT WALDEN** | : |
| **Defendant.** | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Escambia County Jail inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1]  It is recommended that the complaint filed on April 9, 2007 (Doc. 6) be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  In addition, it is recommended that defendant Walden's motion to dismiss (Doc. 17) be denied as moot in light of this report and recommendation.

## I.  Proceedings.

Plaintiff's complaints filed on March 15, 2007 (Doc. 4) and on April 9, 2007 (Doc.

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as plaintiff's motion to proceed without prepayment of fees (Doc. 2), to the Magistrate Judges for hearing and determination.  Intertwined with the consideration of plaintiff's motion is the screening of plaintiff's complaints under 28 U.S.C. § 1915(e)(2)(B).

6) supersede the original complaint filed in this action. (Doc. 3). In screening plaintiff's complaints (Docs. 4 & 6), the complaint at document 4 was dismissed for failure to state a claim upon which relief could be granted based on the two-year statute of limitations. (Docs. 7, 14, 15). The complaint at document 6 was served on defendant, and defendant filed a motion to dismiss with an attachment and asserted the affirmative defense of the two-year statute of limitations. (Doc. 17). The attachment is plaintiff's sworn statement indicating that the events described in the complaint at document 6 as occurring on January 4, 2004. (Doc. 17, Ex. A).

The complaint at document 6 identifies Officer Scott Walden as the sole defendant. Contrary to the date in plaintiff's sworn statement (Doc. 17, Ex. A), plaintiff alleges in the complaint (Doc. 6 at 4) that on November 5, 2005, defendant Walden used excessive force against him. After plaintiff was discharged from the Atmore Hospital, defendant Walden allegedly "flipped" plaintiff out of the patrol car and dragged plaintiff across the parking lot to the Atmore Police Department and then through the jail. Plaintiff contends that it was cruel and unusual punishment to have been dragged, to have been stripped of his clothing at the jail, to have been taken to the hospital, and to have been extradited to the Brewton Jail with no clothes and placed on the floor for days with no clothes without reason. For relief, plaintiff requests $26 million in damages.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing

plaintiff's complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B).[2] Under 28 U.S.C. § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.* Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, 127 S.Ct. 910, 920-21 (2007).

---

[2]The predecessor to this section was 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); *Brown v. Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

**III.  Discussion.**

Section 1915(e)(2)(B) of Title 28 of the United States Code provides: "[T]he court shall dismiss the case *at any time* if the court determines that the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i-ii) (emphasis added).  In the present action, after review of defendant Walden's motion to dismiss, it has become apparent that plaintiff's action is due to be dismissed under § 1915(e)(2)(B)(i) as barred by the two-year statute of limitations.

In plaintiff's sworn statement given on June 13, 2007 (Doc. 17, Ex. A), he states that the incident forming the basis of his complaint at document 6 occurred on January 4, 2004.  (*Id.*, pp. 4 & 7).  When questioned about the November, 2005 date on the complaint form, plaintiff explained that it was "one of the dates [he] got from paperwork." (*Id.,* p.7)  Considering plaintiff's sworn statement and the other complaint filed in this action, which contains events connected to this incident and identifying them as occurring in January, 2004 (Doc. 4), the undersigned finds that the incident forming the basis of this complaint occurred on January 4, 2004.  However, the complaint commencing this § 1983 action was filed on March 2, 2007.  (Doc. 1).

Because a § 1983 action is described as a constitutional tort action, a state statute of limitations for personal injury actions is borrowed for the statute of limitations in a § 1983 action. *Wallace v. Kato,* 127 S.Ct. 1091, 1094 (2007).  In Alabama the statute of limitations for a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106, 1108 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  Even though

4

state law determines the length of the limitations period, federal law specifies when the cause of action accrues, thereby starting the running of the statute of limitations. *Wallace,* 127 S.Ct. at 1095.  Under federal law, "[accrual occurs] when the plaintiff has 'a complete and present cause of action'" . . . "'that is, when plaintiff can file suit and obtain relief.'" *Id.*  (quotations omitted).

In the present action, plaintiff knew of his claims at the time the force was used against him and when he was in the cell without his clothes.  Nevertheless, plaintiff filed the present action on March 2, 2007 (Doc. 1), which is beyond two years after his claims accrued on or about January 4, 2004.  Accordingly, the complaint at document 6 is barred by the two-year statute of limitations.  For this reason, the complaint at document 6 is due to be dismissed as frivolous.  *Clark v. Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense would defeat a claim, such as the statute of limitations, the claim may be dismissed as frivolous)*; cf. Bock,* 127 S.Ct. at 920-21  (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that the complaint filed on April 9, 2007 (Doc. 6) be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is further recommended that defendant Walden's motion to dismiss (Doc. 17) be denied as moot in light of the report and recommendation.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 11th day of October, 2007.

                                              s/WILLIAM E. CASSADY
                                              WILLIAM E. CASSADY

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.    ***Objection***.  Any party who objects to this recommendation, or anything in it, must,

within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


              s/WILLIAM E. CASSADY
              UNITED STATES MAGISTRATE JUDGE